# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| GERALDINE BARABIN, as Personal Representative for the Estate of HENRY BARABIN, Deceased, | ) ) ) ) | No. 72626-9-I (consolidated with No. 72720-6-I, No. 72721-4-I, No. 72722-2-I, No. 72724-9-I, and No. 72725-7-I) |
| Respondent, | ) ) ) | |
| v. | ) ) | |
| ASTENJOHNSON, INC.; GOULDS PUMPS, INC.; GRINNELL LLC (fka GRINNELL CORPORATION, aka GRINNELL FIRE); HARDER MECHANICAL CONTRATORS, INC.; KEYSTONE CONTRACTING, INC. METALCLAD INSULATION CORPORATION; METROPOLITAN LIFE INSURANCE COMPANY; PARAMOUNT SUPPLY COMPANY; SCAPA DRYER FABRICS, INC.; SEQUOIA VENTURES, INC.; TRECO CONSTRUCTION SERVICES, INC.; UNITED SUPPLY COMPANY; WRIGHT SCHUCHART HARBOR; and FIRST DOE through ONE HUNDREDTH DOE, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | UNPUBLISHED OPINION FILED: November 9, 2015 |
| Appellants. | ) ) ) | |

VERELLEN, J. — This court recently held in Deggs v. Asbestos Corp. Ltd.[1] that there is no viable cause of action for wrongful death once an individual allows the statute of limitations to expire on his underlying personal injury claim during his lifetime. After Henry Barabin died, his wife filed a wrongful death action against defendants that

_____

[1] 188 Wn. App. 495, 354 P.3d 1 (2015) (petition for review pending).

Barabin had not sued for personal injuries during his lifetime. We conclude Deggs controls. Because Henry Barabin allowed the statute of limitations to expire on his underlying personal injury claim during his lifetime, his personal representative has no viable cause of action for wrongful death against these new defendants. Accordingly, we reverse.

## FACTS

The material facts are undisputed. In 2006, Henry Barabin and his wife, Geraldine, successfully sued two defendants for injuries related to Henry's asbestos exposure in the workplace.[2] But the judgment was ultimately vacated and remanded to federal district court, where that case remains pending. In 2014, two years after Henry passed away, Geraldine, as personal representative for his estate, filed a wrongful death claim in King County Superior Court against several new defendants.

Before this court issued its opinion in Deggs, the superior court denied the new defendants' motions for summary judgment, ruling that the expiration of the statute of limitations on Henry's underlying personal injury action did not bar Geraldine's wrongful death claim.

This court granted discretionary review.

## ANALYSIS

This appeal presents the question whether the expiration of the statute of limitations on an individual's personal injury action during his lifetime can preclude a wrongful death action based upon the underlying personal injury action.

---

[2] Barabin v. AstenJohnson, Inc., C07-1454RSL, 2010 WL 1506430, at *1 (W.D. Wash. Apr. 14, 2010).

Under substantially the same facts and same legal arguments, this court recently held that there is no viable cause of action for wrongful death once an individual allows the statute of limitations to expire on his underlying personal injury claim during his lifetime: "Wrongful death claims derive from the wrongful act and do not accrue absent a valid subsisting cause of action in the decedent at the time of his death."[3]

We conclude Deggs controls here. Henry passed away over five years after he and Geraldine filed his original personal injury complaint. Neither Henry nor Geraldine filed any claims against the new defendants related to his injuries within the three-year statute of limitations for the personal injury claims. As a result, there was "no subsisting cause of action in the deceased" at the time of Henry's death. We note that the trial court did not have the benefit of the Deggs decision at the time it denied the motions for summary judgment. Accordingly, his personal representative has no viable cause of action under the wrongful death statute against the new defendants.

We reverse.

WE CONCUR:

_____

_____
Spearman, C.J.

_____
Becker, J.

---

[3] Deggs, 188 Wn. App. at 497.

3